### IN THE DISTRICT COURT OF THE UNITED STATES
### FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | |
|---|---|
| Hayward L. Rogers, #278510,      ) | Case No. 2:16-cv-558-TMC-MGB |
|                                  ) | |
|         Plaintiff,      ) | |
|                                  ) | |
| v.      ) | |
|                                  ) | REPORT AND RECOMMENDATION |
| Alan M. Wilson, Attorney General, et al.,  ) | |
|                                  ) | |
|        Defendants.      ) | |
|                                  ) | |

This matter is before the Court for initial review. Hayward L. Rogers ("Plaintiff") has filed a civil action pursuant to 42 U.S.C. § 1983 against two state prosecutors, Alan M. Wilson, Attorney General of South Carolina, and Kristin M. Simons, Assistant Attorney General of South Carolina. Plaintiff is a state prisoner incarcerated at Lieber Correctional Institution in South Carolina, and is proceeding *pro se* and *in forma pauperis*. Pursuant to 28 U.S.C. §636(b)(1)(B) and Local Rule 73.02(B)(2), the Magistrate Judge is authorized to review the record and to submit findings and recommendations to the District Judge. Upon careful review, the Magistrate Judge recommends that the Complaint be **summarily dismissed,** with prejudice, and without issuance and service of process, for the following reasons:

**I.   Relevant Law**

    **A.   Standard of Review**

Under established local procedure in this judicial district, the Magistrate Judge has carefully reviewed this *pro se* prisoner complaint pursuant to 28 U.S.C. § 1915 and under the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Prison Litigation Reform Act ("PLRA") permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. 28 U.S.C. § 1915(a)(1). To protect against possible abuses of this privilege, the statute allows the court to dismiss the case upon finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte* "at any time." *Neitzke*, 490 U.S. at 319.

With respect to a failure to state a claim, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Unless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice." *McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009).

### B. Liberal Construction of *Pro Se* Pleadings

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* filings does not transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797

(4th Cir. 2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs., City of Baltimore.,* 901 F.2d 387, 391 (4th Cir. 1990). Giving "liberal construction" does not mean that the Court can ignore a prisoner's clear failure to allege facts that set forth a cognizable claim. "Principles requiring generous construction of *pro se* complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

### C. The PLRA's 3-Strike Provision

The PLRA, at 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*See McLean*, 566 F.3d at 404. "[I]f a prisoner has already had three cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner generally may not proceed IFP but rather must pay up-front all filing fees for his subsequent suits." *Blakely v. Wards*, 738 F.3d 607, 609 (4th Cir. 2013), *as amended* (Oct. 22, 2013). This means that, after receiving three strikes, a plaintiff will have to pay the full filing fee for almost any future non-habeas civil action he might wish to file. *Id.* at 610. Plaintiff is a prolific filer of repetitive habeas petitions and related lawsuits.[1] Plaintiff is warned that if he continues to file pleadings that are frivolous, malicious, or fail to state a claim for which relief may be granted, he

---

[1] This Court has expressly deemed at least six of Plaintiff's previous cases to be "STRIKES." See Case Nos. 8:08-cv-4090; 8:06-cv-3058; 6:04-cv-2428; 8:04-cv-690; 9:00-cv-1120; and 9:00-cv-783.  However, in 2009, the Fourth Circuit Court of Appeals held that a dismissal "without prejudice" for failure to state a claim should not be counted as a strike. *McLean*, 566 F.3d at 399. As those six cases were dismissed without prejudice, and in light of *McLean*, those six cases will not be counted as strikes.

risks the accumulation of three strikes against him and the resulting denial of future requests for IFP status, absent exceptional circumstances.

## II. Background

Plaintiff's extensive filing history will be summarized as succinctly as possible. This civil rights action (like numerous other filings by Plaintiff) arises out of Plaintiff's 2001 criminal convictions in state court for strong arm robbery, kidnaping, criminal sexual conduct, and assault and battery with intent to kill.

In February of 1999, the Grand Jury for Lexington County, South Carolina, indicted Plaintiff for multiple criminal offenses, including two counts of first degree criminal sexual conduct (Indictment Nos. 1999-GS-32-815 and 1999-GS-32-818), kidnaping (Indictment No. 1999-GS-32-813), strong armed robbery (Indictment No. 1999-GS-32-814), and assault and battery with intent to kill (Indictment No. 1999-GS-32-819).[2] Plaintiff received a jury trial, and on September 21, 2001, the jury convicted him of the offenses. Plaintiff was sentenced to fifteen (15) years imprisonment for the strong armed robbery conviction, and life imprisonment without parole pursuant to South Carolina Code § 17-25-45(A) for each remaining conviction, to run concurrently. On August 9, 2004, the South Carolina Court of Appeals affirmed the convictions and sentences. *See State v. Rogers*, 361 S.C. 178, 603 S.E.2d 910 (Ct. App. 2004).

While his direct appeal was pending, Plaintiff filed a federal habeas petition, which the District Court dismissed without prejudice for lack of exhaustion of state remedies. See Case No. 8:02-cv-3820. Plaintiff then filed second, third, and fourth petitions, which were all summarily dismissed for the same reason. See Case Nos. 8:03-cv-2745; 8:03-cv-3050; 8:04-cv-512. The Fourth Circuit Court of Appeals dismissed the Plaintiff's appeals regarding the third and fourth

---

[2] See transcript record (DE# 42-7 at 117-118) in *Rogers v. Cartledge*, Case No. 2:12-cv-1858-TMC-BHH, 2013 WL 2338617, *4 (D.S.C. May 29, 2013).

petitions. *See Rogers v. McMaster*, 115 F. App'x 156 (4th Cir. 2004); *Rogers v. Rushton*, 124 F. App'x 812 (4th Cir. 2005), *cert. denied*, 546 U.S. 863 (2005).

In October of 2004, Plaintiff filed an application for state post-conviction relief ("PCR"), raising various issues, including that a sample of his blood had allegedly been "obtained by unconstitutional search and seizure." (see Lexington County Court of Common Pleas, Case No. 2004-CP-32-3932). While his PCR application was pending, Plaintiff filed a fifth federal habeas petition in 2005 (Case No. 8:05-cv-1555), a sixth petition in 2006 (Case No. 8:06-cv-2724), a seventh petition in 2007 (Case No. 8:07-cv-947), and an eighth petition in 2008 (Case No. 8:08-cv-2883), all of which were summarily dismissed. After the filing of Plaintiff's eighth unexhausted habeas petition, the District Court imposed a filing injunction, holding that:

> [T]he court has carefully reviewed the entire record and concludes that a pre-filing injunction is warranted in this case.... Petitioner's multiple habeas corpus actions filed during the pendency of his direct appeal and application for post-conviction relief are duplicative and vexatious, causing the needless expense of court resources and time. The court finds that Petitioner's habeas claims are without merit because Petitioner has again failed to exhaust his state remedies despite repeated encouragement by this court to do so. The court also finds that alternative sanctions would not be effective in deterring Petitioner from filing yet another habeas corpus action prior to the resolution of his PCR appeal. Therefore, the court concludes that a pre-filing injunction, limited to additional habeas corpus actions attacking Petitioner's September 21, 2001 conviction and sentence, is warranted.

*See Rogers v. Rushton*, Case No. 8:08-2883-MBS-BHH, 2010 WL 478826 (D.S.C. Feb. 4, 2010).[3] The Fourth Circuit Court of Appeals dismissed the Plaintiff's appeals of the summary dismissals of several unexhausted habeas petitions. *See Rogers v. Rushton,* 2006 WL 1827999 (4th Cir. 2006); *Rogers v. Rushton*, 2008 WL 2611332 (4th Cir. 2008).

---

[3] Plaintiff was also subject to a state court order directing the Clerk of the South Carolina Supreme Court not to accept any more of Plaintiff's filings in original jurisdiction unless he paid the $25 filing fee for motions filed under Rule 224(d), SCAR. See Case No. 8:05-cv-1555-MBS-BHH (DE# 10, attached exhibit "Order of the Supreme Court of South Carolina," dated November 9, 2004).

With respect to the Plaintiff's PCR application, the state court held a hearing and then dismissed the PCR application on August 20, 2009. (See Lexington County Common Pleas Court Case No. 2004-CP-3203932).[4] The South Carolina Supreme Court issued remittitur on August 24, 2012. The record reflects that Plaintiff had filed duplicate PCR applications. (See Lexington County Common Pleas Court Case No. 2004-CP-3204143). Plaintiff filed another PCR application on September 3, 2010. (See Lexington County Common Pleas Court Case No. 2010-CP-3203792). The State pointed out that the statute of limitations had expired and that the application was untimely. The state court dismissed such PCR application and entered a "Final Order of Dismissal" on January 4, 2012. Plaintiff filed other unsuccessful PCR applications. (See Lexington County Common Pleas Court Case No. 2010-CP-3203237, Order of Dismissal dated April 29, 2016).

Meanwhile, on July 6, 2012, Plaintiff filed his ninth federal habeas petition. Plaintiff raised twenty-three (23) issues, including alleged "actual innocence." The Magistrate Judge recommended that Plaintiff's "actual innocence" argument was meritless (*i.e.* Plaintiff had alleged that DNA evidence was "suppressed" by counsel, when in fact, the record plainly showed otherwise).[5] On May 29, 2013, this District Court adopted the report and denied habeas relief. *See Rogers v. Cartledge*, Case No. 2:12-cv-1858-TMC-BHH (DE# 68, Order), 2013 WL 2338617 (D.S.C. May 29, 2013), *appeal dismissed by* 544 F.App'x 211 (4th Cir. Oct. 25, 2013). Plaintiff then filed a tenth habeas petition which he voluntarily dismissed after the Magistrate

---

[4]See **http://cms.lex-co/SCJDWeb/PublicIndex/CaseDetails** (Site last visited June 7, 2016).

[5] In the Report and Recommendation, the Magistrate Judge specifically pointed out that "it is clear from a review of the trial record that the evidence to which Petitioner points was not suppressed; it was, instead, discussed at trial." See Case No. 2:12-cv-1858, (DE# 63 at 31). The Magistrate Judge further indicated that the Plaintiff's claims of actual innocence (Grounds 22-23) were not supported by any new evidence. *Id*.

Judge's Report and Recommendation pointed out that such petition was an unauthorized "successive" petition subject to dismissal. See Case No. 14-cv-3745-TMC-WWD.

Having failed to obtain permission to file a successive habeas petition, Plaintiff then inappropriately attempted multiple times to challenge his 2001 convictions by means of civil actions under 42 U.S.C. § 1983. Such cases were summarily dismissed. *See, e.g.,* Case No. 3:14-cv-4271-TMC-WWD (summarily dismissing § 1983 action against eight defendants, including assistant state attorney general and prosecutor, and explaining that Plaintiff could not challenge his 2001 criminal convictions by means of a § 1983 action); Case No. 2:15-cv-1886-TMC-MGB (summarily dismissing § 1983 action against state attorney general and state judge) (citing *Craigo v. Hey*, 624 F.Supp. 414 (S.D.W.Va.1985) (holding that prisoner's suit was frivolous within the meaning of 28 U.S.C. § 1915).[6]

On February 22, 2016, Plaintiff filed the present lawsuit pursuant to 42 U.S.C. § 1983, again attempting to challenge his 2001 convictions and sentences. (DE# 1). On May 16, 2016, Plaintiff amended his Complaint. (DE# 15).[7]

### III. Factual Allegations

In his present lawsuit pursuant to 42 U.S.C. § 1983, Plaintiff sues two prosecutors, Alan M. Wilson, Attorney General for South Carolina, and Kristin M. Simons, Assistant Attorney General for South Carolina. Plaintiff does not indicate whether he is suing them in official or individual capacity. Review of the Amended Complaint reflects that Plaintiff primarily appears

---

[6] In his Complaint in Case No. 2:15-cv-1886, Plaintiff asked the District Court to compel the Defendants to provide him with evidence, including copies of search warrants, grand jury proceedings, and a copy of the DNA results from his state prosecution. He also asked the District Court to compel the Defendants to schedule an evidentiary hearing in the state PCR action and to appoint counsel for him. (DE# 1 at 5). The case was dismissed. (DE# 20).

[7] On May 11, 2016, Plaintiff moved to amend his Complaint, but did not tender a proposed amended complaint. Plaintiff did, however, file an amended "Statement of Claim" (DE# 12-2). In the interest of judicial economy, such document was substituted for Plaintiff's previous "Statement of Claim," attached to his initial Complaint, and filed in the docket as an Amended Complaint on May 16, 2016. (DE# 15).

to be seeking habeas relief, rather than relief available under § 1983, such as compensatory damages. Plaintiff's factual allegations are conclusory and difficult to follow. In his own words, he alleges that:

> In October, 1998 I was kidnapped (sic) in violation of the "Pattroit (sic) Act, by being arrested by the West Columbia police dept. by use off (sic) arrest warrants that was (sic) issued by a person named Marta M. Valentino. The office of the State of South Carolina "Office of the Secretary of State" said their office file (sic) the oaths for magistrates, but they do not have any information file (sic) in reference to Marta Valentino, therefore my arrest was without probable cause, unlawful, and in violation of State and Federal law. once (sic) arrested I was illegally interrogated after being denied a Lawyer….without a sufficient search warrant blood was forcefully taken from me….I was unlawfully convicted and sentenced for "assault and battery with intent to kill," when the Grand Jury did not indict me for the charge….(Ms. Merkyle Blackmun) who drew … blood for D.N.A sample was not, and has never been, licensed with the State Board of Nursing.

(DE# 15-1, spelling and punctuation as in original). Plaintiff also complains about his trial counsel, claiming that counsel should have filed a motion to suppress on the basis of the blood sample and should have interviewed "alibi witnesses." (*Id.*). Plaintiff also complains in attenuated conclusory fashion that his trial counsel "allowed the solicitor to commit prosecutorial misconduct." (*Id.*).

Plaintiff complains that "I was unlawfully convicted and sentenced for assault and battery with intent to kill, when the Grand Jury did not indict me for the charge." (DE# 15-1 at 2). Plaintiff alleges that he was sentenced to "life without parole in violation of the ex post facto laws," that the person "who drew [his] blood for DNA sample was not ... licensed with the state Board of Nursing," and that the state court denied his PCR application thereby denying him "due process" and "access to the court."(*Id.*). Plaintiff contends that:

> The defendants are liable because they acted color, statute, ordinance, custom and usage, by, and that defendants did allowed (sic), conspired, and negligently, and in violation of the "Pattriot (sic) Act," allowed an

> American citizen to be kidnapped (sic), and arrested without probable cause, and by means of force to be convicted and sentenced without due process of law, and defendants did act under color of statute to deny me redress, by denying me access to the court, and due process and equal protection of the Law.

(DE# 15-1 at 3, as in original). For relief, Plaintiff indicates in his own words:

> I request reopenning (sic) of ... [Case No. 2:15-cv-cv-1886] and incorporated with the filing of this action… Compel the defendant to produce a copy of the search warrant, and copy of SLED's DNA results. I further request a DNA test to be done … Because of repeated prosecutorial misconduct I request the Court to order a hearing. Be (sic) my arrest was a violation of law under the U.S. Pattriot (sic) Act, I ask for an investigation by the U.S. Dept. of Justice …I also ask to be allowed to testify on behalf of the claims …. Declaratory Judgment and injunctive relief, and any other Relief the Court deems necessary.

(DE# 15-1, ¶ V "Relief"). All of this requested relief relates to Plaintiff's repetitive attempt to challenge his conviction and sentence. (DE# 15-1).[8] Plaintiff does not appear to seek any monetary damages.

### III. Discussion

Even with liberal construction, the Complaint is subject to summary dismissal for multiple reasons.

**A. The Amended Complaint Fails to State a Claim Because Habeas Claims Are Not Cognizable Under 42 U.S.C. § 1983.**

Review of the Amended Complaint reflects that Plaintiff is inappropriately attempting to challenge his criminal convictions and sentences by means of a civil action pursuant to 42 U.S.C. § 1983. He may not do so. *In Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court explained that a "district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the

---

[8] Plaintiff filed a separate motion asking for much of the same relief, such as "reopening" and "consolidation" of a previously dismissed case. Such request was denied. (DE# 13, Order of May 16, 2016).

complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. at 487; *and see, e.g., Rankin v. Cranford*, 2005 WL 3279983, *3 (W.D.N.C. Apr. 11, 2005) (finding that claims predicated upon having been illegally investigated, prosecuted, and convicted are barred pursuant to *Heck*), *affirmed by*, 142 F. App'x 166 (4th Cir. Aug. 25, 2005). Here, a judgment in favor of Plaintiff would necessarily imply the invalidity of his convictions and/or sentences, which have not been invalidated. Therefore, Plaintiff's Amended Complaint fails to state a claim for relief and should be summarily dismissed.

Plaintiff has previously and unsuccessfully litigated his habeas claims. See Case No. 2-12-cv-1858-TMC-BHH (dismissing habeas petition with prejudice).[9] Plaintiff may not re-assert previously-adjudicated habeas claims here in the guise of a civil rights action. If Plaintiff wishes to file a successive habeas petition, he must apply to the Fourth Circuit Court of Appeals for permission to do so. See 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Plaintiff indicates that the Fourth Circuit Court of Appeals has already denied permission for him to file a successive habeas petition. Plaintiff may not circumvent such ruling by re-filing his habeas claims in a § 1983 action.

In fact, this District Court has previously explained to Plaintiff that he cannot seek to have his convictions or sentences vacated by means of a civil rights action under § 1983. *See Rogers v. City of West Columbia,* Case No. 8:06-3058-MBS-BHH, 2007 WL 2332465, *4

---

[9] This Court may properly take judicial notice of public records, including the Court's own docket. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir.1989); *Assa'ad-Faltas v. South Carolina*, 2012 WL 6103204 (D.S.C.), *adopted by* 2012 WL 6106421 (D.S.C.) ("the District Court clearly had the right to take notice of its own files and records").

(D.S.C. Aug. 13, 2007) (summarily dismissing § 1983 action, observing that "Plaintiff contends that Defendants denied him his constitutional rights by illegally arresting and falsely imprisoning him, unlawfully seizing a blood sample, and improperly withholding evidence. A finding for Plaintiff on any of these claims ... under § 1983 would necessarily implicate the validity of Plaintiff's conviction."). The District Court explained to Plaintiff that: "Were the court to suppress the blood sample which Plaintiff claims was the product of an illegal search and seizure, such suppression would invalidate the underlying criminal conviction because the blood sample was a crucial piece of evidence establishing Plaintiff's guilt." *Id*. at 2.

In another case involving the same Plaintiff and the same claims, the District Court indicated:

> As he has been previously informed in several of his previous attempts to assert constitutional claims regarding his criminal convictions and sentences, see C/A Nos. 9:00–783; 8:04–690; 8:06–3058, Plaintiff's Complaint is subject to summary dismissal based on the United States Supreme Court's decision in *Heck v. Humphrey*"…. Since Plaintiff has not been successful in having his Lexington County convictions set aside by way of appeal, PCR, habeas corpus, or otherwise, and because Plaintiff's allegations, if true, would necessarily invalidate his conviction, he cannot sue any of the Defendants because of their involvement in his prosecution and ultimate conviction.

*Rogers v. Valentino,* Case No. 8:08–4090–MBS-BHH, 2009 WL 367377 (D.S.C. Feb. 13, 2009). Release from prison is not a remedy available under 42 U.S.C. § 1983. *Griffin v. Baltimore Police Dept*., 804 F.3d 692, 695 (4th Cir. 2015) (reiterating that habeas corpus, not § 1983, is the exclusive federal remedy for state prisoners seeking release from confinement). In sum, Plaintiff's claims would necessarily implicate the validity of his convictions and sentences, are not cognizable in this § 1983 action, and are subject to summary dismissal for "failure to state a claim for relief." Such claims also may appropriately be deemed "frivolous," as they lack any basis in fact or law.

**B. The Amended Complaint Fails to State Any Plausible Claims for Relief Against the Defendant Prosecutors.**

Moreover, even supposing that Plaintiff could overcome the *Heck*-bar, his claims would still be subject to summary dismissal. For example, if Plaintiff's Amended Complaint is liberally construed as attempting to bring a claim for "false arrest" under § 1983, the Amended Complaint fails to allege any acts by the Defendants that would support a claim of false arrest against them personally. Very simply, the two prosecutors did not arrest Plaintiff, rather, police officers arrested Plaintiff pursuant to a warrant. Although Plaintiff complains in conclusory fashion about his indictment and contends that he was arrested and prosecuted without "probable cause," the Grand Jury returned true bills of indictment against Plaintiff for his criminal offenses.[10] A true bill of indictment is prima facie evidence of probable cause. *Law v. South Carolina Dept. of Corrections*, 368 S.C. 424, 629 S.E.2d 642 (2006); *see also Jones v. City of Columbia*, 301 S.C. 62, 64, 389 S.E.2d 662, 663 (S.C. 1990) (an action for false imprisonment cannot be maintained where one is arrested by lawful authority).[11]

Similarly, to the extent that Plaintiff complains that he was "illegally interrogated" by police officers, his Amended Complaint alleges no acts by the two defendants. When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See, e.g., Reaves v. Richardson*, Case No. 4:09–820–TLW–SVH, 2011 WL 2119318, *6 (D.S.C.) ("without such personal involvement, there can be no liability under section 1983"), *adopted by* 2011 WL 2112100 (D.S.C. May 27, 2011). Moreover, such allegations pertain to the

---

[10] See transcript record (DE# 42-7 at 117-118) in *Rogers v. Cartledge*, Case No. 2:12-cv-1858-TMC-BHH, 2013 WL 2338617, *4 (D.S.C. May 29, 2013).

[11] Although the Court need not reach the issue, claims based on Plaintiff's arrest and indictment over fifteen years ago would also appear to be untimely.

exclusionary rule and fail to state a cognizable § 1983 claim. *See Chavez v. Martinez*, 538 U.S. 760, 771-72 (2003) (holding that "violations of judicially crafted prophylactic rules do not violate the constitutional rights of any person" and that an "officer's failure to read Miranda warnings ... cannot be grounds for a § 1983 action"). Again, Plaintiff's Amended Complaint appears to be a repetitive attempt to challenge the validity of his convictions and sentences by inappropriate means.

Plaintiff also urges that his arrest and prosecution violated the "Patriot Act." Such allegation is conclusory, fails to identify how his prosecution purportedly violated the Patriot Act, and fails to indicate why Plaintiff believes he would have any sort of private right of action against the defendant prosecutors under such statute. Plaintiff's references to the Patriot Act are nonsensical, as Plaintiff was convicted of state criminal offenses and was not prosecuted under the Patriot Act.[12] The Amended Complaint sheds no light on why Plaintiff believes he can bring a claim against prosecutors under the Patriot Act. Plaintiff fails to explain what possible relevance the Patriot Act might have to his case, and no relevance of any kind is discernible from the record. *See United States v. Rahman*, 417 F.Supp.2d 725, 726 (E.D.N.C. Jan. 20, 2006) (citing United States Dept. of Justice, "Report From the Field: The USA PATRIOT Act at Work," DOJ Report 10 (July 2004), explaining that the purpose of the Patriot Act was to strengthen "criminal laws against terrorism by making it easier to prosecute those responsible for funneling money to terrorists"); USA Patriot Act, Pub.L. No. 107–56, § 373(a), 115 Stat. 272, 339 (2001). The criminal charges against Plaintiff had nothing to do with funneling money to terrorist groups abroad for purposes of 18 U.S.C. § 1960. Plaintiff's allegations regarding

---

[12] In fact, the Patriot Act had not even been enacted when Plaintiff was convicted on September 21, 2001. Such statute was enacted on October 26, 2001 and became effective on that date. *See Rahman*, 417 F.Supp.2d at 726 (citing USA Patriot Act, Pub.L. No. 107–56, § 373(a), 115 Stat. 272, 339 (2001)).

purported violation of the Patriot Act are entirely frivolous (i.e. lacking any basis in law or fact) and fail to state any plausible claim for relief.

### C. No Respondeat Superior

Plaintiff also does not explain what personal actions, if any, the two Defendants allegedly took with respect to his state prosecution. To the extent Plaintiff may be suing them for their supervisory roles, a claim based on *respondeat superior* does not give rise to a § 1983 claim. *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 691-94  (1978). The United States Supreme Court has held that *respondeat superior* is inapplicable in § 1983 actions. *Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution."). Even with the liberal construction afforded to *pro se* filings, Plaintiff's Amended Complaint fails to state any plausible claim for relief under § 1983 against the Defendants.

### D. Individual Capacity, Absolute Prosecutorial Immunity

Plaintiff's Amended Complaint includes vague allegations that an unspecified state solicitor engaged in "prosecutorial misconduct" at trial. Plaintiff contends the solicitor and defense counsel allegedly "suppressed the actual Sled's (sic) DNA results." (DE# 15-1 at 2).  As already noted, this Court observed on habeas review that "it is clear from a review of the trial record that the evidence to which Petitioner points was not suppressed; it was, instead, discussed at trial." See Case No. 2:12-cv-1858 (DE# 63 at 31). In any event, for purposes of § 1983, Plaintiff's repetitive allegation is conclusory, fails to state a cognizable claim under § 1983, and attempts to sue state prosecutors who have absolute immunity for acts taken in their roles as prosecutors. The District Court has previously informed Plaintiff of this. *See Rogers v. City of West Columbia*, Case No. 8:06-3058-MBS-BHH, 2007 WL 2332465, *5  (D.S.C. Aug. 13, 2007)

(pointing out that prosecutors "have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial").

It is well-settled that prosecutors are absolutely immune from claims under § 1983 for acts taken in their prosecutorial role. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State, are entitled to the protections of absolute immunity"); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (prosecutors have immunity for performing functions "intimately associated with the judicial phase of the criminal process"). Although Plaintiff complains about his indictment, a prosecutor's evaluation of the evidence in a criminal case and the decision to seek an indictment are functions "intimately associated with the judicial phase of the criminal process." *Id.* at 431; *see, e.g., Redden v. McMaster*, Case No. 8:08-2845-CMC-BHH, 2008 WL 4458877, *3 (D.S.C. Sept. 29, 2008) (prosecutors "have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial ... [and] grand jury proceedings"), *aff'd by* 313 F.App'x 654 (4th Cir. 2009). The Defendant prosecutors are entitled to absolute prosecutorial immunity. Plaintiff may not recover damages from prosecutors for their role in Plaintiff's criminal trial, nor has he alleged facts suggesting any basis for any other kind of relief.[13]

### E. Official Capacity, Sovereign Immunity

As already noted, Plaintiff's Amended Complaint does not indicate whether he is suing the Defendants in their individual or official capacity. Any claims against the Attorney General

---

[13] While Plaintiff does not expressly appear to seek monetary damages, he has previously sought monetary damages for the same claims. *See Rogers v. City of West Columbia*, 2007 WL 2332465 (D.S.C. Aug. 13, 2007) (observing that Plaintiff had indicated that he filed the § 1983 action because "he was deprived of federal civil rights that lead [sic] to his being arrest [sic] and convicted because he was denied due protection of federal law and has a right to be compensated for those injuries."). The District Court summarily dismissed that case.

and Assistant Attorney General for South Carolina, in their official capacity, are subject to summary dismissal. See 28 U.S.C.A. § 1915(e)(2)(B)(iii). The Eleventh Amendment bars federal lawsuits against an unconsenting State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Such immunity extends to "arm[s] of the State," including state officers acting in their official capacity. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977); *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996). The United States Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). This deficiency in Plaintiff's Complaint cannot be remedied through more specific pleading. *Adams v. Rice*, 40 F.3d 72, 76 n.1 (4th Cir. 1994), *cert. denied*, 514 U.S. 1022 (1995).[14]

### F.  Plaintiff's Request for Additional DNA Testing

Review of the Amended Complaint reflects one allegation that suggests a claim that is not barred by *Heck v. Humphrey*, namely, Plaintiff's request for further DNA testing. (DE# 15-1 at 5). The United States Supreme Court has held that "a convicted state prisoner seeking DNA testing of crime-scene evidence [may] assert that claim in a civil rights action under § 1983." *Skinner v. Switzer*, 562 U.S. 521, 524–25 (2011). Such a claim is not barred by *Heck* because "gaining access to DNA testing alone does not necessarily imply the unlawfulness of the conviction or sentence." *Id*. at 525.

Such claim, however, is subject to summary dismissal for other reasons. Aside from conclusory allegations, Plaintiff has not alleged any coherent facts suggesting that additional DNA testing would support his allegation of innocence. *See, e.g., Muhammad v. Green*, -- F.App'x --, 2016 WL 519115 (4th Cir. Feb. 10, 2016), *cert. filed*, (Apr. 1, 2016) (affirming

---

[14] The *Ex parte Young* exception to Eleventh Amendment immunity would not apply, as Plaintiff's Amended Complaint does not state a plausible claim for prospective relief against state officials for any ongoing violation of federal law. *Pennhurst State School & Hosp. V. Halderman,* 465 U.S. 89 (1984).

summary dismissal of due process claim as "frivolous" and pointing out that additional DNA testing would not be probative of innocence) (citing *Skinner*, 562 U.S. at 524–25); *see also Worrell v. Wayne Cty. Dist. Attorney's Office*, 2012 WL 10938955 (E.D.N.C. Dec. 6, 2012) (finding that plaintiff had not alleged facts indicating that the state statute and post-conviction process was inadequate to vindicate his rights, and summarily dismissing § 1983 action as frivolous pursuant to 28 U.S.C. § 1915), *affirmed by* 521 F. App'x 267 (4th Cir. 2013). Here, Plaintiff complains that his blood sample was drawn by a nurse who allegedly was not licensed by the State Board of Nursing and then makes the attenuated conclusory allegation that "the solicitor suppressed DNA evidence" (DE# 15 at 3, 6). Plaintiff then complains about the result of his PCR proceeding. In his own words, Plaintiff urges that:

> "this Court have (sic) jurisdiction to review entertain and intervene in this action because after a judicial review of the state court's action it would support that the state court abandon all matters of the action and refused to respond all (sic) of Plaintiff's claims to denial of access to the court, denial of discovery of the DNA results at trial, and denial of responding to the illegal search and seizure in obtaining DNA from the unlawful drawing of his blood to obtain DNA sample ..."

(DE# 15 at 5). Plaintiff is attempting to challenge the state court's PCR decision by means of this § 1983 action. He may not do so. The United States Supreme Court has repeatedly held that a state-court decision is not reviewable by lower federal courts. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (observing that the Rooker–Feldman doctrine bars lower federal courts from interfering with state court proceedings); *Skinner*, 562 U.S. at 531 ("we clarified in *Exxon* that Rooker–Feldman doctrine is confined to cases brought by state-court losers ... inviting district court review and rejection of [the state court's] judgments"); *Ward v. Cooke*, 623 F.App'x 83 (4th Cir. 2015), *cert. denied*, 136 U.S. 1668 (2016) (affirming summary

dismissal of § 1983 action under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim because the state court's decision was not reviewable by the district court).

While a prisoner's federal challenge to the adequacy of a state law for postconviction DNA testing would not be barred by Rooker–Feldman, *see Skinner* 562 U.S. at 532, a challenge to the state court's PCR decision itself is not subject to federal review in a § 1983 action. The United States Supreme Court has reaffirmed application of the Rooker–Feldman doctrine where "[t]he losing party in state court filed suit in a U.S. District Court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking federal-court review and rejection of that judgment." *Skinner*, 562 U.S. at 531; *see also Alvarez v. Attorney Gen'l for Fla.*, 679 F.3d 1257, 1264 (11th Cir. 2012) (barring review under Rooker–Feldman, explaining that "it is abundantly clear that success on this claim would effectively nullify the state court's judgment"); *see also Cooper v. Stanback*, 2015 WL 1888285 (M.D.N.C. Apr. 15, 2015), *adopted by* 2015 WL 2357264 (M.D.N.C. May 15, 2015), *appeal dismissed* (4th Cir. Aug 19, 2015) (same).[15]

The distinction between a cognizable challenge to the underlying state statute and a non-cognizable challenge to a state court's PCR decision is significant. In *Skinner,* the prisoner had challenged the validity of the underlying state statute pertaining to DNA testing of evidence. The United States Supreme Court held that "a statute or rule governing the decision may be challenged in a federal action." *Skinner* 562 U.S. at 531-32. However, in the present case, the Plaintiff's Amended Complaint (liberally construed) challenges the state court's denial of PCR relief (denying additional DNA testing), not the validity of any underlying state statute.

---

[15] The Fourth Circuit Court of Appeals has observed that "[t]here is no substantive due process right to the postconviction preservation and testing of DNA evidence." *Muhammad,* 2016 WL 519115, *1 (citing *Skinner*, 562 U.S. at 525 and *District Attorney's Office for the Third Judicial Circuit v. Osborne*, 557 U.S. 52, 72 (2009)).

Therefore, Plaintiff's challenge to the state court's PCR ruling is not cognizable in this § 1983 action and is subject to summary dismissal.

Moreover, the District Court has previously adjudicated these same issues on habeas review. For example, in Grounds 22-23 of his ninth habeas petition, Plaintiff asserted "actual innocence" based on the allegations that the prosecutor and defense counsel "suppressed discovery of SLED's DNA results," that "evidence derived from an illegal search and seizure" was used at trial, and that "they got PCR counsel to go along with it." The District Court denied habeas relief. *See Rogers v. Cartledge*, Case No. 2:12-cv-1858-TMC-BHH (DE# 68, Order of May 29, 2013), 2013 WL 2338617 (D.S.C. May 29, 2013), *appeal dismissed by* 544 F.App'x 211 (4th Cir. Oct. 25, 2013). Plaintiff may not reassert previously-adjudicated habeas claims in a § 1983 action in an attempt to invalidate his conviction and obtain release from prison.

**V.   Recommendation**

Accordingly, the Magistrate Judge recommends that the Amended Complaint (DE# 15) fails to state a claim for relief, is frivolous, and sues parties protected from suit by immunity, and therefore, the Amended Complaint should be **summarily dismissed,** with prejudice, and without issuance and service of process.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

June 8, 2016
Charleston, South Carolina

Petitioner's attention is directed to the *Important Notice* on the following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).