IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Hayward L. Rogers, ) | |
| ) | Civil Action No. 2:16-cv-00558-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Alan M. Wilson, *Attorney General, South Carolina*; and Kristin M. Simons, *Esq.*, ) ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. This case is now before the court on the magistrate judge's Report and Recommendation ("Report"), recommending the court dismiss Plaintiff's complaint with prejudice and without issuance and service of process. (ECF No. 17). Plaintiff was advised of his right to file objections to the Report, (ECF No. 17 at 20), and he filed timely objections. (ECF No. 21).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. § 636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. *See id.*

Plaintiff's objections are mostly nonsensical and unspecific to the dispositive portions of the Report. In his objections, Plaintiff generally argues that the magistrate judge erred by not

making findings of fact as to the propriety of his arrest and the legitimacy of certain DNA evidence used at his trial. (ECF No. 21 at 1–2). However, besides failing to connect his claims to the Defendants in any way, Plaintiff's arguments illustrate his misapprehension of the scope of a § 1983 claim. A state prisoner's sole remedy to challenge the fact or duration of his sentence is through habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, a § 1983 suit is an improper vehicle to obtain immediate release or a speedier release from state prison. *Id.* Likewise, a plaintiff may only recover damages in a § 1983 suit for an allegedly unconstitutional conviction or imprisonment if his sentence is first reversed on appeal, expunged by executive pardon, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). "[A] state prisoner's § 1983 action is barred . . . no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).

Here, Plaintiff requests the court order various forms of equitable relief.[1] Liberally construed, Plaintiff's claims (and his objections) intractably circle around advancing one of three arguments: (1) his initial arrest was unconstitutional because the state magistrate judge who ostensibly issued his arrest warrant lacked authority to do so; (2) after his arrest, the State unconstitutionally collected his DNA because the nurse who extracted the sample was

---

[1] Specifically, Plaintiff asks the court to order: (1) a prior § 1983 case dismissed by this court reopened; (2) Defendants to produce a copy of a search warrant and DNA results in possession of the South Carolina Law Enforcement Division; (3) his DNA retested "to prove [his] innocence . . . because of repeated prosecutorial misconduct;" (4) a hearing to determine if his arrest was in violation of the Patriot Act; (5) an investigation by the United States Department of Justice; (6) that he be allowed to testify at future hearings; and (7) other equitable relief the court deems appropriate. (ECF No. 15-1 at 5).

unqualified pursuant to S.C. Code Ann. § 23-3-630; and (3) at his trial, the State engaged in prosecutorial misconduct by suppressing DNA evidence.

Taking each argument in turn, Plaintiff cannot use this § 1983 action to attack the legitimacy of his State arrest. Plaintiff appears to argue that officers arrested him without a warrant or probable cause because the state magistrate judge who signed his arrest warrant was "impersonating" a judge. Throughout his arguments, Plaintiff repeatedly asserts that he is innocent of the crimes for which he was arrested and ultimately found guilty, and as a corollary, Plaintiff implies that, but for improper use of the warrant, his conviction would not have occurred. Accordingly, Plaintiff's challenge to the propriety of his arrest goes to the very heart of his current detention. *See Heck*, 512 U.S. at 486–87; *c.f. Alipui v. Byerson*, 638 F. App'x 214, 216 (4th Cir. 2016) (holding plaintiff's § 1983 claim against state officer cognizable where plaintiff challenged probable cause for *separate* state arrest while in federal custody). And even if Plaintiff's challenge did not implicate the validity of his State confinement, his claim would be time barred. *Wallace v. Kato*, 549 U.S. 384, 397 (2007) ("We hold that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996) (holding a plaintiff's § 1983 claim for unconstitutional warrantless arrest that does not imply invalidity of the plaintiff's underlying conviction accrues when the plaintiff knows or should know of the injury); *Williams v. City of Sumter Police Dept.*, No. 3:09-2486-CMC, 2011 WL 723148, at *3 (D.S.C. Feb. 23, 2011) (stating that the statute of limitations for a § 1983 claim brought in the District of South Carolina is governed by the State's three year

general or residual statute of limitations for personal injury claims, S.C. Code Ann. § 15-3-530(5)).

Likewise, this § 1983 suit is an improper means to contest the circumstances under which the State extracted Plaintiff's DNA or presented DNA evidence at trial. Although the United States Supreme Court has found that state prisoners may bring § 1983 claims to gain access to biological evidence for purposes of DNA testing, *Skinner v. Switzer*, 562 U.S. 521, 534 (2011), this is not the sort of relief Plaintiff seeks here. Rather, at bottom, Plaintiff's arguments are properly couched as either (1) inviting the court to reassess the veracity of evidence used to convict him at trial or (2) contesting "biased" state procedures for admitting (or not admitting) evidence. In both instances, Plaintiff's arguments are inconsistent with guilt and inextricably linked to invalidating Plaintiff's criminal conviction through suppression or reconsideration of evidence. *See Edwards v. Balisok*, 520 U.S. 641, 646–48 (1997) (holding that allegations of bias and deceit on the part of the decision-maker in a prison disciplinary hearing necessarily imply the invalidity of a punishment); *Ballenger v. Owens*, 352 F.3d 842, 846–47 (4th Cir. 2003) (holding that suppression of evidence seized pursuant to a challenged search would necessarily imply invalidity of the plaintiff's criminal conviction); *see also Rogers v. City of W. Columbia*, No. 8:06-3058-MBS, 2007 WL 2332465, at *2–3 (D.S.C. Aug. 13, 2007) (dismissing Plaintiff's § 1983 claim because suppression of the blood sample taken from him would invalidate his underlying criminal conviction); *c.f. Covey v. Assessor of Ohio Cnty.*, 777 F.3d 186, 197 (4th Cir. 2015) (holding that an improper search did not necessarily imply the invalidity of conviction where the plaintiff *did not* contest his guilt or seek to suppress evidence). And again, even if Plaintiff's unlawful search claim did not strike at the validity of his conviction, it would be time

4

barred. *Hubbard v. Bohman*, No. 1:11-cv-716, 2013 WL 2645260, at *5 (M.D.N.C. Jun. 11, 2013) (collecting cases); *Williams*, 2011 WL 723148, at *3.

Finally, Plaintiff's arguments related to prosecutorial misconduct are misplaced, as no court has reversed his conviction or issued a writ of habeas corpus. *Heck*, 512 U.S. at 486–87. As already explained above, successful exhaustion of a challenge to a conviction is an essential step before bringing suit under § 1983. Because Plaintiff's claims fail to meet this threshold requirement, no cognizable right of action against State officials has accrued. *Rogers*, 2007 WL 2332465, at *2.

The court has thoroughly reviewed the Report and Plaintiff's objections and finds no reason to deviate from the Report's recommended disposition.[2] Through his arguments and objections to the Report, Plaintiff improperly attempts to mount a collateral attack on his state conviction by masking a request for habeas relief as a § 1983 claim. Plaintiff's claims are therefore barred and subject to summary dismissal. *See Heck*, 512 U.S. at 487; *see also Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 66 (2009). No finding of fact as to the propriety of his arrest or legitimacy of evidence used against him at trial is necessary to make this determination, and indeed, such an inquisition would be improper here.

---

[2] Plaintiff also asserts a number of times in his objections that the Report overlooks the fact that Plaintiff has been unconstitutionally denied access to the courts. This claim appears to stem from Plaintiff's more general contention that South Carolina appellate and post-conviction relief courts have either failed to adequately address his arguments or summarily dismissed his claims on procedural grounds. As this court has previously explained to Plaintiff, when a prisoner makes a claim that officials infringed his access to the courts, he "cannot rely on conclusory allegations" and must "identify actual injury resulting from official conduct." *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). Here, Plaintiff has failed to specify how either defendant's actions impeded him from pursuing his claims in court. Indeed, the very fact that Plaintiff has filed numerous suits in South Carolina and federal courts indicates that officials *have* afforded him access to the courts. Not receiving the result one desires from a court does not equate to denial of access to the courts.

Based on the foregoing, the court overrules Plaintiff's objections (ECF No. 21), adopts the Report (ECF No. 17), and incorporates the Report herein. It is therefore **ORDERED** that Plaintiff's complaint is **DISMISSED** with prejudice and without issuance of service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

December 14, 2016
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

6